IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CV-561-BO

| | |
|---|---|
| IDS PROPERTY CASUALTY INSURANCE COMPANY, Plaintiff, | )<br>)<br>)<br>) |
| v. | )      O R D E R <br>) |
| MIN LU, YING YING YANG, and CITIMORTGAGE, INC., Defendants. | )<br>)<br>)<br>) |

This cause comes before the Court on plaintiff/counterclaim defendant IDS Property Casualty Insurance Company's (hereinafter "plaintiff" or "IDS") motion to dismiss three counterclaims brought by defendants/counterclaim plaintiffs Min Lu and Ying Ying Yang (hereinafter "defendants"). Defendants have responded, and the matter is ripe for ruling. For the reasons discussed below, plaintiff's motion to dismiss three counterclaims is GRANTED IN PART AND DENIED IN PART. [DE 22].

## BACKGROUND

This is a declaratory judgment action that arose from an insurance dispute. Defendants lived together at 103 Partheni Court in Cary, North Carolina. Defendants had a homeowners insurance policy from plaintiff. Defendants left their home on December 25, 2013, for a trip out of the country; their anticipated return date was January 21, 2014. Before they left, defendants turned off the residence's central heating and did not shut off the water supply or drain all water systems in the residence. On January 12, 2014, via webcam, defendants discovered that there was water damage in the residence.

Defendants then contacted IDS to make a claim against their homeowners insurance policy. A representative from IDS told defendants that IDS could not commit to coverage without further investigation. The representative also told defendants that it would dispatch a mitigation company within a day. IDS contacted a company called Disaster Response to evaluate the condition of defendants' home. The next day, Disaster Response sent defendant Min Lu a Work Authorization and Direct Payment Contract for Mitigation, Emergency Services, and Mold Remediation, which Lu signed.

Plaintiff claims that IDS representatives then had several conversations with defendants advising them that the loss might not be covered if it was due to a frozen pipe resulting from defendants' failure to keep the heat on in the residence. Plaintiff also claims a company called American Leak Detection determined that the water came from a burst pipe caused by below-freezing temperatures in the home's attic. Defendants deny these statements and contend they did properly maintain heat and insulation in the home. [DE 17]. However, both parties agree that IDS determined the damage was caused by a frozen pipe that resulted from defendants turning off the heat but leaving the water on in the residence. As IDS contends that the language of defendants' policy did not require covering these circumstances, IDS denied coverage.

Defendants claim they are entitled to recover in excess of $75,000.00 pursuant to their homeowners insurance policy. IDS contends that defendants are not entitled to recover. Thus, IDS filed the instant suit for declaratory judgment stating that IDS does not owe defendants for the losses at issue, as they are not covered by defendants' homeowners insurance policy. Defendants answered and brought four counterclaims against IDS: (1) breach of contract; (2) bad faith, unfair claim settlement practices, and unfair and deceptive trade practices; (3) constructive

fraud; and (4) negligence. In response, IDS filed the instant motion to dismiss counterclaims two through four.

## DISCUSSION

Plaintiff moves to dismiss defendants' second, third, and fourth counterclaims pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

I.   Defendants' Second Counterclaim—Bad Faith/Unfair Claim Settlement Practices/Unfair and Deceptive Trade Practices

Plaintiff moves to dismiss defendants' counterclaim alleging bad faith, unfair claim settlement practices, and unfair and deceptive trade practices for failure to plead with specificity under Rule 9(b)'s heightened pleading standard.

Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard for fraud or mistake, requiring a party to "state with particularity the circumstances constituting fraud or mistake," but allowing state of mind to be pled generally. Fed R. Civ. P. 9(b). However, while claims of fraud or mistake do have a heightened pleading standard, "[a] court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." *United States ex rel. Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999).

Here, the Court finds that defendants have stated a claim upon which relief can be granted under Rule 9(b). Though defendants' claim would benefit from more factual support as the litigation develops, they have included sufficient information to make plaintiff "aware of the particular circumstances for which [it] will have to prepare a defense at trial," and they have demonstrated that they have sufficient prediscovery evidence to support their claims. *Harrison*, 176 F.3d at 784. Defendants chiefly claim that they were deceived by plaintiff in that plaintiff

3

collected defendants' monthly insurance payments but never told defendants that they would only be able to recover for the type of claim at issue if their heating was on at the time of the incident. The homeowners insurance policy at issue has been submitted to the Court along with references to multiple conversations with plaintiff concerning the water damage and the proper course of action. From the allegations contained in defendants' pleadings, as summarized above, plaintiff is sufficiently on notice of the deception that will be alleged at trial. As defendants' claim has satisfied the heightened pleading standard of Rule 9(b), a motion under Rule 12(b)(6) would also fail. Therefore, plaintiff's motion to dismiss this counterclaim is denied.

II.     Third Counterclaim—Constructive Fraud

Defendants' third counterclaim alleges constructive fraud. Plaintiff has moved to dismiss under Rules 9(b) and 12(b)(6). As there is no need to engage in the heightened pleading standard analysis of Rule 9(b) if the claim fails under Rule 12(b)(6), the Court will conduct the Rule 12(b)(6) analysis first.

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a matter if it fails "to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When acting on the motion, the Court is to "view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). However, the Court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Although

4

complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

North Carolina courts have held that "[a] constructive fraud complaint must allege facts and circumstances (1) which created [a] relation of trust and confidence, and (2) led up to and surrounded the consummation of the transaction in which defendant is alleged to have taken advantage of his position of trust to the hurt of plaintiff." *Hunter v. Guardian Life Ins. Co. of Am.*, 162 N.C. App. 477, 482 (2004) (internal quotation marks omitted) (quoting *State Ex Rel. Long v. Petree Stockton, L.L.P.*, 129 N.C. App. 432, 445 (1998)).

Here, defendants allege that "a relationship of trust and confidence existed" between the parties. Defendants also claim that, because of this relationship, "IDS had the duty to act in good faith and with due regard" for defendants' interests. Defendants go on to claim that IDS used that position of trust to obtain premiums and then deny coverage and failed to act fairly with regard to defendants' homeowners insurance policy.

The Court finds that these assertions are precisely what the Rule 12(b)(6) case law forbids: "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet*, 591 F.3d at 255. Defendants have included no facts to support the contention that a relationship of trust and confidence existed beyond simply stating that one did. Moreover, other courts have held that whether "a relationship of trust and confidence existed is a legal conclusion, which is not entitled to an assumption of truth on a motion to dismiss." *Lawley v. Liberty Mut. Grp., Inc.*, No. 5:11-CV-00106-RLV, 2012 WL

5

4513622, at *6 (W.D.N.C. Sept. 28, 2012) (citing *Hunter*, 162 N.C. App. at 482 (refusing to find a relationship of trust and confidence where plaintiffs failed to allege the facts and circumstances creating the requisite relationship)).

The Court notes that existing case law is not entirely clear as to whether a fiduciary relationship equals a relationship of trust and confidence, but that this is a distinction without a difference in this case, as defendants have also pled insufficient facts to establish a fiduciary relationship. "Determining whether a fiduciary relationship exists requires looking at the particular facts and circumstances of a given case." *Crumley & Assocs., P.C. v. Charles Peed & Assocs., P.A.*, 219 N.C. App. 615, 620–21 (N.C. Ct. App. 2012). Under North Carolina law, a fiduciary relationship arises when "there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of the one reposing confidence." *Green v. Freeman*, 367 N.C. 136, 141 (N.C. 2013) (quoting *Abbitt v. Gregory*, 201 N.C. 577, 598 (1931)). Although North Carolina courts have "broadly defined fiduciary relationships, no such relationship arises absent the existence of dominion and control by one party over another." *Kaplan v. O.K. Techs., L.L.C.*, 196 N.C. App. 469, 474 (N.C. Ct. App. 2009). Consequently, "North Carolina courts generally find that parties who interact at arms-length do not have a fiduciary relationship with each other." *Crumley*, 219 N.C.App. at 621 (citing *Tin Originals, Inc. v. Colonial Tin Works, Inc.*, 98 N.C. App. 663, 665 (1990)). Here, defendants have pled no facts to establish that their relationship with plaintiff was fiduciary in nature. They have pled no facts indicating that they placed special confidence in plaintiff, that plaintiff was bound by equity and good conscience to place defendants' needs first, or that plaintiff exercised dominion and control over defendants.

6

Moreover, even if the relationship were fiduciary in nature, the fiduciary duty was limited to an obligation on the part of the insurance agent to "correctly name the insured in the policy and correctly advise the insured of the nature and extent of his coverage under the policy."[1] *Rayfield Props., LLC v. Business Insurers of the Carolinas, Inc.*, 2012 N.C. App. LEXIS 1429, *8 (N.C. Ct. App. 20120 (quoting *Cobb v. Pa. Life Ins. Co.*, 715 S.E.2d 541, 548 (N.C. Ct. App. 2011)). To make the requisite showing that there was an implied duty to advise, defendants would have to plead facts demonstrating that "(1) the agent received consideration beyond mere payment of the premium; (2) the insured made a clear request for advice; or (3) there is a course of dealings over an extended period of time which would put an objectively reasonable insurance agent on notice that his advice [was] being sought and relied on." *Cobb*, 715 S.E.2d at 548 (quoting *Bigger v. Vista Sales & Mktg, Inc.*, 131 N.C. App. 101, 104 (1998)). Here, defendants have pled no such facts, so the claim fails even if the relationship were fiduciary in nature.

Accordingly, defendants' third counterclaim fails under Rule 12(b)(6). As Rule 12(b)(6) is a lower pleading standard than the heightened standard under Rule 9(b) for fraud claims, the third counterclaim necessarily fails the Rule 9(b) analysis as well. Plaintiff's motion to dismiss this counterclaim is granted.

III.   Fourth Counterclaim

Defendants' fourth counterclaim brings a claim of negligence against plaintiff. Recalling the standards for a motion under Rule 12(b)(6), discussed *supra*, the Court finds that defendants have stated a claim upon which relief can be granted.

Defendant's fourth counterclaim alleges negligence on the part of plaintiff for failing to inform defendants of the consequences of failing to keep the heat on in the residence at all times.

---

[1] The Court notes that this analysis focuses on the insurance agent, rather than the insurance company, but includes it in an abundance of caution.

7

Plaintiff argues that this claim is mutually exclusive to defendants' breach of contract counterclaim. However, this argument fails at the motion to dismiss stage, as the rules permit pleading in the alternative. *See* Fed. R. Civ. P. 8(d). The Court notes that plaintiff does not otherwise object to the sufficiency of the claim except as it relates to the breach of contract claim. As the Court finds that sufficient facts are pled, discussed *supra*, to get past the 12(b)(6) standard, plaintiff's motion to dismiss defendants' fourth counterclaim fails.

## CONCLUSION

As discussed above, plaintiff's motion to dismiss defendants' counterclaims is GRANTED IN PART AND DENIED IN PART. [DE 22].

SO ORDERED, this 15 day of April, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

8

Case 5:15-cv-00561-BO   Document 29   Filed 04/15/16   Page 8 of 8