IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CV-561-BO

| | |
|---|---|
| IDS PROPERTY CASUALTY INSURANCE COMPANY, <br> Plaintiff, <br><br> v. <br><br> MIN LU, YING YING YANG, and CITIMORTGAGE, INC., <br> Defendants. | O R D E R |

This cause comes before the Court on defendant CitiMortgage's motion for partial summary judgment. [DE 43]. The motion is fully briefed and ripe for disposition. For the following reasons, defendant's motion is granted.

## BACKGROUND

This is a declaratory judgment action that arose from an insurance dispute. Defendants Lu and Yang ("homeowners") lived together in Cary, North Carolina. The homeowners had an insurance policy from plaintiff, and left their home on December, 2013, for a trip out of the country. Their anticipated return date was late January, 2014. On January 12, 2014, via webcam, the homeowners discovered that there was water damage in the residence. After disputing the coverage of its insurance policy with the homeowners, plaintiff filed the instant suit for declaratory judgment stating that it does not owe the homeowners for the water damage losses at issue as such loss is not covered by the insurance policy.

Defendant CitiMortgage is a mortgagee on the property concerned in this matter. It has a security interest in the property via a Deed of Trust executed by the homeowners. Section 5 of that Deed of Trust obligates homeowners to maintain insurance, in part, for the benefit of

CitiMortgage and protection of the collateral. Section 5 of the Deed of Trust requires that "any insurance proceeds ... shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction[.]" [DE 49-1].

Plaintiff's insurance policy with defendant homeowners specifically lists defendant CitiMortgage as a mortgagee for the insured property. [DE 52-1] Additionally, the Policy contains an endorsement entitled, "ADDITIONAL INTERESTS, Residence Premises," which specifically names defendant CitiMortgage in the Schedule and states, "In addition to the Mortgagee(s) shown in the Declarations or elsewhere in this policy, the persons or organizations named in the Schedule above also have an interest in the residence premises." [DE 52-2]. Further, the Policy contains a "Mortgage Clause," which provides, "If a mortgagee is named in this policy, any loss payable under Coverage A or B will be paid to the mortgagee and you, as interests appear." [DE 53-3].

Consequently, at the initiation of this suit plaintiff joined defendant CitiMortgage as a necessary party under Rule 19 of the Federal Rules of Civil Procedure due to CitiMortgage's secured interest in the property and its potential interest in the outcome of this litigation under defendant homeowner's insurance policy with plaintiff.

Defendant CitiMortgage then filed the instant motion for partial summary judgment, contending that it is no longer a necessary party and should be dismissed from the litigation. [DE 43]. CitiMortgage states that it has conducted an inspection of the property and is satisfied that all of the repairs and remediation required by its Deed of Trust with defendant homeowners have

2

already been performed. *Id.* CitiMortgage states that there is no basis for it retaining possession over or administering any insurance proceeds that defendant homeowners may receive for work already completed on the property. *Id.* Accordingly, CitiMortgage disclaimed its interest in the receipt of any potential insurance funds for the loss in this case and requested that it be dismissed from the litigation. *Id.*

Plaintiff filed a response, indicating that it does not necessarily oppose defendant CitiMortgage's motion, but seeking clarification that, if CitiMortgage is in fact no longer a necessary party due to its disclaimer of interest in any potential insurance proceeds, that the Court's ruling clarify that CitiMortgage is prevented or estopped from asserting any claims against plaintiff in the future relating to this controversy. [DE 52].

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). This Court has reviewed the pleadings and evidence in support of the motion, and all responses, and hereby determines that there is no genuine issue of material fact necessary to decide the motion and that defendant CitiMortgage is entitled to judgment. While CitiMortgage may have been a necessary party to this proceeding at the outset because of its security interest in the property at issue, CitiMortgage stated that it is satisfied the property has been restored from the loss in this case and has therefore disclaimed any interest in insurance proceeds that may benefit defendant homeowners for that loss. As there appears to be no dispute with these facts, the Court finds that CitiMortgage has made a judicial admission that they disclaim all interests and are completely satisfied concerning the controversy of this action. Based on this determination, the Court concludes that CitiMortgage is no longer a necessary party to this

3

litigation and, otherwise having its interest in the litigation already met, should be dismissed with prejudice from the matter.

## CONCLUSION

For the foregoing reasons, defendant CitiMortgage's motion for partial summary judgment [DE 43] is GRANTED. Accordingly, CitiMortgage shall be DISMISSED WITH PREJUDICE from this litigation. This dismissal does not affect any covenants otherwise applicable under the Deed of Trust or loan documents between CitiMortgage and defendants Lu and Yang, and this dismissal is without prejudice to the contentions of the remaining parties or the validity and finality of any of any order, judgment, or settlement entered into between plaintiff and defendants Lu and Yang in this case.

SO ORDERED, this **30** day of April, 2016.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE